ROBERT W. ABORN *et al. vs.* FRANCIS M. SMITH *et als.*

Cap. 453 of Pub. Laws, April 1, 1875, only confers jurisdiction where boundaries once existing have been lost, or have become obscure.

The complainants in a bill in equity charged that the respondents had encroached on their water front, and prayed, *first*, that the boundary between the complainants and the respondents might be fixed by the court; and *second*, that an injunction might prevent further encroachments: —

*Held*, that the relief sought by both prayers was within the general equity jurisdiction of the court.

BILL IN EQUITY brought by the complainants against the respondents, who were coterminous riparian owners.

The bill charged " that each of said estates of your orators and said defendants consists partly of upland and partly of river flats, flowed by tide water, lying between the original high water line of said river and the harbor line thereof as there established, and that the dividing or boundary line of said estates between said original high water line and said harbor line has become, and is, obscure and uncertain, the land on either side of the same having been already in part filled in and reclaimed."

" That said defendants have already to some extent filled in said river flats over said dividing or boundary line as your orators claim and aver the same to be, and thereby have encroached upon your orators' river flats and front, and threaten to continue such filling and still further to fill and encroach upon your orators' said estate, and thereby still further to confuse and obscure said dividing and boundary line between your orators' and said defendants' said river flats and fronts and estates, and are also proceeding to fill in their own river front, thereby obliterating and rendering it more difficult to ascertain said original shore line by which, or by reference to which, said dividing or boundary line of your orators' estate and river front aforesaid should be and is to be, as your orators claim, to a greater or less extent determined."

The bill prayed that the boundary line between the estates of the complainants and respondents might be fixed by the court, and that an injunction might issue to prevent encroachment on the complainants' water front by the act of the respondents in filling the tide covered flats.

The respondents demurred to the bill.

*C. S. & C. Bradley*, in support of the demurrer contended : —

1. That the bill did not state a case within Pub. Laws, cap. 453, April 1, 1875, as no boundaries had ever been fixed on the tide covered part of the estates in question.

2. That the complainants had full remedy at law.

*James Tillinghast, contra,* cited *Thornton* v. *Grant,* 10 R. I. 477, and contended that the case was within the equity of Pub. Laws, cap. 453, April 1, 1875.

*July* 21, 1877.   DURFEE, C. J.   We do not think this bill is maintainable under Public Laws, cap. 453, April 1, 1875, for that act only confers jurisdiction where boundaries once existing have been lost or have become obscure and uncertain.   *West Hartford Ecclesiastical Society* v. *The First Baptist Church in West Hartford,* 35 Conn. 117 ; *Perry* v. *Pratt,* 31 Conn. 433, 441 ; *Washington Co.* v. *Matteson, ante,* p. 550.

This is not a suit to reëstablish a boundary which has been lost, but to determine one which has never before been defined.

Is the bill maintainable under the general chancery powers of the court?   Ordinarily a court of equity will not settle a disputed boundary except where there is an equity superinduced by the act of the parties.   This is because there is usually an adequate remedy at law, namely, the action of trespass and ejectment.   But the action of trespass and ejectment is not applicable to tidal water fronts or flats ; and it may therefore be argued that a court of equity may always be resorted to, to determine their boundaries.   Moreover, the question of such a boundary frequently involves complex considerations not confined to the immediate parties, and it is for that reason peculiarly proper for a court of equity.   And see *Boyd* v. *Dowie,* 65 Barb. S. C. 237, as to the effect of complexity in giving jurisdiction.   But still further, in the case at bar there is an equity or distinct ground of jurisdiction alleged.   The plaintiffs charge that the defendants have filled over the dividing line and encroached upon their water front, and threaten to continue such filling and encroachment. The bill prays not only that the boundary may be defined, but also that the defendants may be enjoined from filling or encroaching beyond it.   We think the case alleged is clearly within the jurisdiction of the court.

In *De Veney* v. *Gallagher,* 20 N. J. Eq. 33, a court of equity

asserted its right to settle a boundary and protect it by injunction, because the defendant had threatened and formally notified the plaintiff that he intended to remove ten inches of the wall of the plaintiff's dwelling, on a claim that it was upon his land. The case of *Stockham* v. *Browning*, 18 N. J. Eq. 390, is still more closely in point. The court decided in that case that the owner of lands along tide waters in New Jersey has an easement in the shore in front of them, and the right to appropriate it to his exclusive use, but that until reclaimed he could not maintain ejectment for it, the fee being in the state. And for this reason, the defendant having encroached, the court held that the plaintiff was entitled to have the division line established and protected by injunction. And in *Thornton* v. *Grant*, 10 R. I. 477, as soon as it was clearly alleged that the defendant was encroaching upon the plaintiff's water front, this court asserted its right to protect him by defining the boundary and enjoining any filling beyond it. And see *O'Donnell* v. *Kelsey*, 10 N. Y. 412, 415.                                 *Demurrer overruled.*